## VESTING OF A LIFE ESTATE SUBJECT TO THE ACCUMULATION OF A FUND.

Circuit Court of Cuyahoga County.

BENJ. F. RICE v. MINNIE M. RICE.

Decided, May 27, 1912.

*Will—Interpretation of—Life Estate—Attachment.*

A devise of real estate to testator's son, "to have and to hold and the use thereof during his natural life, and should his wife, Edith Rice, outlive him, then she shall have the use thereof during the remainder of her life, and at the decease of both, said property shall become and be the property of their children and their heirs forever," coupled with a direction that, "It is my will that my son, Benj. F. Rice, shall out of the income of aforesaid property, erect a monument upon the graves of myself and my husband, Jos. P. Rice, within five years after my decease, at a value not less than five hundred dollars," vests in the son a life estate in said real estate, charged with the payment or accumulation of a fund of $500 for the building of a monument, and the son's interest in said real estate is subject to attachment.

*Green, Zmunt & Zmunt,* for plaintiff in error.
*Sterling Parks,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

The defendant in error, Minnie M. Rice, brought her action in the court of common pleas to recover from the plaintiff in error, Benj. F. Rice, on a claim for the care and support of Phyllis Rice, the minor child of said parties.

The defendant below, at the time of the commencement of the action, was a resident of Pennsylvania. The plaintiff, on affidavit in the form required by law, obtained an order of attachment on the ground that the defendant was a non-resident of the state of Ohio, and certain real estate located in Dover township, Cuyahoga county, Ohio, was attached by the sheriff pursuant to the order.

Service by publication was then obtained upon the defendant. After the completion of the publication, the defendant filed his motion to  quash service on the ground that the property attached was not subject to attachment. This motion was overruled and the defendant, the plaintiff in error here, prosecutes this proceeding in error to secure a reversal of the judgment of the court of common pleas, overruling his motion to quash service.

The land attached in the action below, formerly belonged to Almeda Rice, who died in September, 1911, leaving a will which was duly probated, the second, third and fourth paragraphs of which are as follows:

"Second.  I give, devise and bequeath to my adopted son, Benj. F. Rice, the mortgages which I hold against his property, to be his and his heirs' forever and all my real estate and personal property, to have and to hold and the use thereof during his natural life, and should his wife, Edith Rice, outlive him, then she shall have the use thereof during the remainder of her life, and at the decease of both, said property shall become and be the property of their children and their heirs forever.

"Third.  It is my will that my son, Benj. F. Rice, shall out of the income of aforesaid property, erect a monument upon the graves of myself and my husband, Jos. P. Rice, within five years after my decease, at a value not less than five hundred dollars.

"Fourth.  I hereby appoint my son, Benj. F. Rice, executor of this my last will and testament."

The decision of the question presented by the petition in error in this proceeding depends upon the proper interpretation of the provisions of the will of Almeda Rice, above quoted.

It is contended on behalf of the plaintiff in error that under these provisions of the will, Benj. F. Rice was to hold the property mentioned therein, which is the real estate attached, until

the income for the monument shall have been accumulated; that until then Benj. F. Rice holds said real estate either as executor or testamentary trustee, and not as life tenant, and that property in the hands of an administrator or executor, as this is claimed to be, is not subject to attachment.

We think it clear, however, that the will gave a life estate to Benj. F. Rice in the real estate of the testatrix, and that such real estate was not taken by him as executor or testamentary trustee to be held in that capacity until a fund for the monument was accumulated. The real estate in question vested at once in Benj. F. Rice as life tenant, charged, however, with the payment or accumulation of the fund of $500 for the building of a monument.

This being the case, the authorities cited by counsel for the plaintiff in error, to effect that property or money held by an executor or administrator of an estate in a representative capacity can not be reached by attachment or garnishee process in an action against the heirs or legatees before an order of distribution has been made, have no application.

By virtue of the will of Almeda Rice, the plaintiff in error had a life estate in the lands attached, subject to the provision for the creation of a fund out of the income of the property for the erection of a monument, costing not less than $500. This life estate is subject to attachment, and service by publication upon the defendant below, following the attachment of the real estate, was authorized by law and regularly made. The court of common pleas committed no error in overruling the defendant's motion to quash service.

Judgment affirmed.